UNITED STATES, and Stephen
H. Gallon, IRS

v.

PROVIDENT NATIONAL BANK et al.

UNITED STATES, and Stephen
H. Gallon, IRS

v.

MEDIA FEDERAL SAVINGS &
LOAN ASSOC. et al.

UNITED STATES, and Stephen
H. Gallon, IRS

v.

SOUTHEAST NATIONAL BANK et al.

UNITED STATES, and Stephen
H. Gallon, IRS

v.

ELKO, FISCHER, McCABE & RUDMAN,
Certified Public Accountants.

Civ. A. Nos. 80–3395, 80–3397,
80–3400 and No. 81–24.

United States District Court,
E. D. Pennsylvania.

Feb. 9, 1981.

---

James G. Sheehan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiffs.

Robert Comfort, Morgan, Lewis & Bockius, Philadelphia, Pa., for the intervenors.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

By these four actions, I am now asked to determine whether or not certain third-party summonses, issued by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 7602 to the three defendant banks, requiring the production of records concerning the financial affairs of the intervenors, Walter and Elizabeth Strine, should be enforced. For the reasons discussed below, I will order the enforcement of the summonses.

In July of 1978, Agent Marc Klebanoff of the IRS began investigating the federal income tax return filed jointly by Mr. and Mrs. Strine for 1976. In carrying out this investigation, Mr. Klebanoff reviewed records provided him by the intervenors and their certified public accountant, Albert Elko, concerning the real estate business and the real property holdings of the intervenors. By November of 1978, Agent Klebanoff had extended his investigation to include the Strines' 1977 tax return. (Klebanoff deposition at 23) At that time, he also began to suspect that the intervenors had failed to report a substantial amount of income. (Klebanoff deposition at 23–27) Because he had come to believe that there was potential fraud involved in these tax returns, in March of 1979, Mr. Klebanoff suspended his audit of the Strines. Subsequently, in April of 1979, he prepared a Referral Report for Potential Fraud Cases so that the matter could be transferred to the Criminal Investigation Division (CID) of the IRS. (Klebanoff deposition at 67)

On May 29, 1979, Stephen H. Gallon, a special agent with the IRS, was assigned to investigate possible criminal violations in connection with the 1976 and 1977 tax returns of the intervenors. (Gallon deposition at 4–5) Agents Klebanoff and Gallon met with the intervenor's accountant on June 26, 1979 to discuss the continuing investigation of the Strines' tax returns. (Affidavit of Albert Elko, intervenors' Exhibit B) As part of this investigation, in September of

1979, the IRS issued the third party summonses now in dispute; the intervenors stayed compliance with those summons. (Gallon deposition at 28–29) The initiation of enforcement proceedings concerning the summonses was delayed nearly a year because the Examination Division of the IRS had decided to issue a statutory notice of tax deficiency against the Strines for 1976. (Gallon deposition at 30–31) Mr. Gallon has not yet made a recommendation to his superiors on whether charges for criminal violations of the federal income tax laws should be brought against the Strines nor has the case been referred to the United States Justice Department. (Gallon deposition at 27–28)

In August of 1980 the government filed the instant actions for enforcement of the summonses against the banks allegedly in possession of financial records belonging to the Strines. In January of 1981 the government filed a similar action against the Strines' accountant. The parties agreed to take trial depositions of the witnesses in lieu of a hearing. On the basis of those depositions as well as certain exhibits, affidavits and the memoranda submitted by the parties, I have determined that the summonses should be enforced.

It is the contention of the intervenors that these summonses, and any future summons to be issued in this case, cannot be enforced because they were issued in bad faith. The bad faith alleged is that the summonses "were issued as a consequence of the evaluation of information obtained by the deception of the Intervenors." (Intervenors' Memorandum at 6) By affidavits both Walter Strine and his accountant, Albert Elko, have sworn that on at least two occasions, in September 1978 and in February of 1979, Agent Klebanoff told Mr. Elko that the IRS audit of the Strines' 1976 and 1977 tax returns was almost completed. (Exhibit B) During his deposition, however, Mr. Klebanoff denied ever making such representations. (Klebanoff deposition at 43–44) The intervenors assert that the third party summonses now in dispute should not be enforced because they are the product of a deliberate misleading of the intervenors by the IRS. According to the Strines, although Agent Klebanoff had questions as early as October of 1978 about whether their tax returns for 1976 and 1977 involved some fraud, he did not inform them of his suspicions but rather lulled them into believing that his investigation had not uncovered anything remarkable and would be completed shortly.

Even if I were to accept the intervenors' account of events, and their version has been disputed at least as to certain statements allegedly made by Agent Klebanoff to Mr. Elko, the intervenors could not defeat enforcement of the summonses. Both the Supreme Court and the Third Circuit have set forth clearly the standards to be applied in evaluating the enforceability of a summons issued by the IRS pursuant to 26 U.S.C. § 7602.[1] In *United States v. LaSalle National Bank*, the Supreme Court described the requirements for the enforcement of an IRS summons as:

First, the summons must be issued before the Service recommends to the Department of Justice that a criminal prosecution, which reasonably would relate to the subject matter of the summons, be undertaken. Second, the Service at all times must use the *summons authority in good-*faith pursuit of the congressionally authorized purposes of § 7602. This second prerequisite requires the Service to meet the *Powell* standards of good faith. It also requires that the Service not abandon in an institutional sense . . . the pursuit of civil tax determination or collection. 437 U.S. 298, 318, 98 S.Ct. 2357, 2368 [57 L.Ed.2d 221] (1978)

In the instant case, it is undisputed that there has not been a recommendation by the IRS to the Justice Department that a criminal prosecution be brought against Mr. and Mrs. Strine. Therefore, the question is whether the summonses were issued in good faith; that is, have the good faith

---

1.  26 U.S.C. § 7604(b) provides that the government may apply to a district court for an order enforcing a summons issued pursuant to § 7602.

requirements stated in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) been shown by the government and has the taxpayer failed to refute that the IRS has not abandoned pursuit of civil tax determination or collection. *LaSalle, supra*, 437 U.S. at 313–316, 98 S.Ct. at 2365–67. I believe that the record in this case discloses that the IRS acted with the requisite good faith.

*United States v. Powell* sets forth a four prong standard which must be met in order to make a prima facie showing of good faith:

1. the investigation is for a legitimate purpose;

2. the material sought is relevant to the legitimate purpose of the investigation;

3. the information is not yet in the possession of the IRS; and

4. the proper administrative steps have been followed.

379 U.S. 48, 57–58, 85 S.Ct. 248, 255 (1964). In the instant case, the government has fulfilled this test. Agents Klebanoff and Gallon have testified that the summonses were issued as part of an investigation of a possible tax deficiency by the intervenors and the IRS doesn't have the information sought. Also, the parties have stipulated that the IRS has taken the proper administrative steps.

■ In addition, the intervenors have not met their burden to prove that in their case the IRS has abandoned pursuit of civil tax determination or collection. Before the IRS makes a recommendation of prosecution to the Justice Department, an IRS summons is presumptively valid. *U. S. v. LaSalle National Bank*, 437 U.S. at 316–17, 98 S.Ct. at 2367–68. The Third Circuit, in *United States v. Garden State National Bank*, has refined further the dimensions of this presumption:

Prior in time to such a recommendation [to the Justice Department], summonses are presumptively valid at two levels. At the first level, if the investigating agent has already recommended prosecution to his superiors (but they have not recommended prosecution to the Justice Department even though a commitment to recommend may have been made, *see Genser III* [*U. S. v. Genser*, 602 F.2d 807 (3d Cir. 1979)]), *LaSalle* imposes a 'heavy' burden on the taxpayer to prove 'bad faith.' At the second level, where the investigating agent has not even recommended prosecution to his superiors, *Genser II* [*U. S. v. Genser*, 595 F.2d 146 (3d Cir. 1979)] and *Serubo* [*U. S. v. Serubo*, 604 F.2d 807 (3d Cir. 1979)] severely limit the ability of the taxpayer to challenge enforcement, characterizing the summonses as 'virtually unassailable.' 607 F.2d 61, 70 (3d Cir. 1979).

Under this language in the *Garden State* opinion, the summonses involved in this case are virtually unassailable as Agent Gallon has testified, and his testimony stands unimpeached, that he has not yet made a recommendation to his superiors in the IRS that the Strines be prosecuted. (Gallon deposition at 27) Moreover, the record is replete with evidence that the IRS maintains an interest in pursuing the possible civil tax liability of the Strines. For example, it is undisputed that the IRS has issued a statutory notice against the intervenors for the taxable year 1976. Also, Agent Gallon stated during his deposition that he delayed some aspects of his investigation for the Criminal Investigation Division while he sought legal advice on what effect the issuance of the statutory notice would have on that investigation. (Gallon deposition at 30) The evidence of record shows that to date in its investigation of the Strines, the IRS has been concerned primarily with determining their civil tax liability and collecting any unpaid taxes.[2]

■ The intervenors have failed to prove their claim that the instant summonses

---

**2.** In Exhibit A to their memorandum, the intervenors have included copies of two intra-IRS memoranda regarding the issuance of the statutory notice for the Strines' alleged tax deficiency for 1976. In the memoranda, both the Chief of the Examination Division and the Chief of C.I.D. express a preference for first pursuing civil remedies against the intervenors.

should not be enforced because they were issued in bad faith. As alternative relief, the intervenors request that I allow them to engage in further discovery. I believe, however, that under the principles set forth in *United States v. Genser*, 595 F.2d 146 (3d Cir. 1979) (Genser II), the Strines are not entitled to any additional discovery.

In *Genser II*, the Third Circuit held that a taxpayer challenging an IRS summons is entitled to discovery on the following:

 the identities of the investigating agents,

 the date the investigation began,

 the dates the agent or agents filed reports recommending prosecution,

 the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation,

 the date the Office of Regional Counsel referred the matter for prosecution,

 the dates of all summonses issued under 26 U.S.C. § 7602, [and]

 the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.

595 F.2d at 152.

Through the depositions of agents Klebanoff and Gallon, the intervenors have received all of this information. Therefore, unless that discovery has revealed

(1) that the IRS issued summonses after the investigating agents recommended prosecution, (2) that inordinate and unexplained delays in the investigation transpired, or (3) that the investigating agents were in contact with the Department of Justice,

they should not be permitted further discovery. *Id.* Since discovery has established that there has not yet been a recommendation of prosecution, and that there have been no inordinate delays nor contacts with the Justice Department, the Strines' request for additional discovery must be denied.

Accordingly, I enter the attached order granting the government's request that these summons be enforced as provided by 26 U.S.C. § 7604(b). This memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).